IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                                   Case No. 6:18-cr-60014

RANDALL MORRIS                                                      DEFENDANT

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Barry
A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 115.
Defendant Randall Morris ("Morris") has filed a timely objection.  ECF No. 118.  The Court finds
the matter ripe for consideration.

## I. BACKGROUND

On July 24, 2018, Morris was indicted on three counts related to publishing, transporting,
and possessing child pornography.  ECF No. 1.  The Court initially assigned Assistant Federal
Public Defender Matthew Hill ("Hill") to represent Morris.  ECF No. 11.  On February 8, 2019,
Morris plead guilty to Count One of the Indictment, which charged him with advertising material
involving sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(d)(1)(A),
2251(d)(2)(B), and 2251(e).  ECF No. 19.

On April 4, 2019, the United States Probation Office ("USPO") issued its Initial Pre-
Sentence Investigation Report ("PSR"), which contained restitution recommendations for six
victims.  ECF No. 20.  Morris submitted objections to the Initial PSR, though none of the
objections related to the restitution recommendations.  ECF No. 24.  On April 30, 2019, the USPO
issued its Final PSR, which contained the same restitution recommendations as the Initial PSR.
ECF No. 26.  On June 3, 2019, Morris submitted his Initial Sentencing Memorandum, which raised

no issues regarding restitution. ECF No. 30. On January 28, 2022, Morris filed renewed objections to the Final PSR, which did not raise the issue of restitution amounts. ECF No. 42. On February 08, 2022, the USPO issued the Renewed Final PSR, which contained no changes to the Final PSR in response to Morris' latest objections. ECF No. 45.

On February 28, 2022, the Court granted Hill's Motion to Withdraw as counsel for Morris and assigned Morse Gist as new counsel. ECF No. 49. On April 4, 2022, Morse Gist moved to withdraw as counsel for Morris. ECF No. 53. The Court granted Gist's request and assigned Benjamin Hooten ("Hooten") as Morris' new counsel of record. ECF No. 55.

On April 29, 2022, Morris filed a Motion to Compel requesting that the Court compel the Government to file a motion pursuant to 18 U.S.C. § 3553(e), which would permit the Court to sentence Morris below any applicable statutory minimum. ECF Nos. 57 & 62. On May 23, 2022, the Court denied Morris' Motion to Compel. ECF No. 65. The Court then set Morris' sentencing hearing for June 29, 2022. ECF No. 66. On June 27, 2022, Morris filed his final Sentencing Memorandum, which objected to the amount of restitution requested for victim "Andy." ECF No. 67. On June 29, 2022, the Court sentenced Morris to 180 months[1] confinement with credit for time served in federal custody, 10 years supervised release, a $100 special assessment, and $33,000 in total restitution. ECF Nos. 68 & 69. The Court reduced the restitution amount for victim "Andy" from the $58,415.00 recommended in the Final PSR down to $10,000.00. *Id*.

On July 14, 2022, Morris filed a Motion for Reconsideration, requesting that the Court reconsider and lower the restitution amounts of Morris' sentence. ECF No. 72. On August 3, 2022, Morris filed a Motion for Extension of Time to file an appeal of the Court's denial of his Motion to Compel. ECF No. 74. On August 15, 2022, the Court denied Morris' request for

---

[1] The period of confinement was initially 234 months, but it was adjusted downward by 54 months because of an undischarged term of imprisonment in the Garland County, Arkansas Circuit Court. ECF No. 69.

reconsideration of the restitution amounts. ECF No. 75. On August 29, 2022, Court denied Morris' request for more time to appeal the denial of the Motion to Compel, finding that the requested extension was time-barred.[2] ECF No. 76.

On July 18, 2023, Morris filed a pro se Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 92. Morris asserts that his sentence should be vacated because of Hooten's allegedly ineffective assistance as counsel in both failing to timely appeal the Court's denial of Morris' Motion to Compel and failing to appeal the restitution amounts. Hooten moved to withdraw as Morris' counsel of record the next day, and the Court granted that request. ECF Nos. 94 & 95. The Court appointed the Federal Public Defender to represent Morris after Hooten's withdrawal, but the Federal Public Defendant later requested and was permitted to withdraw as well. ECF Nos. 99 & 100. The Court then appointed Travis Morrissey to represent Morris. ECF No. 100. The Court referred Morris' motion to vacate to Magistrate Judge Barry A. Bryant for assessment. The Government responded in opposition to the motion to vacate, arguing that it was untimely and meritless. ECF No. 98. Morris replied to the Government's response. ECF No. 107.

On May 7, 2024, Judge Bryant conducted a hearing on Morris' motion to vacate, which included testimony from Hooten. ECF Nos. 111 & 114. The parties then filed post-hearing briefs. ECF Nos. 112 & 113. On November 7, 2024, Judge Bryant issued the instant R&R, which recommended that Morris' motion to vacate be denied on the merits. ECF No. 115. Morris filed a timely objection to the R&R.[3] ECF No. 118.

---

[2] The Court also denied Morris' subsequent request to reconsider its denial of his motion to extend the time to appeal the denial of his Motion to Compel. ECF Nos. 79 & 85.

[3] The Court finds that Morris' objection is sufficiently specific to require a de novo review of the R&R. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (noting that a specific objection is necessary to require a *de novo* review of a magistrate's recommendation instead of a review for plain error); *and see* 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

### A. Applicable Law

Title 28 U.S.C. § 2255 states that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

. . . If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(a)-(b). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. U.S.*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quotation omitted). Claims of ineffective assistance of counsel are matters appropriate for motions pursuant to § 2255. *See U.S. v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

### B. Timeliness of Motion

In response to Morris' motion, the Government argues that it is time barred under the requirements of § 2255(f)(1) and must be denied on that basis. ECF No. 98, p. 6-9. The Government first notes that Morris was sentenced on June 30, 2022, and thus his judgment became final once his time to file a notice of appeal lapsed, which was July 14, 2022. The Government then notes that motions pursuant to § 2255 must be filed within one year of a judgment becoming

final.  The Government contends that Morris failed to comply with this requirement by filing his motion to vacate on July 18, 2023, days beyond the applicable July 14, 2023, deadline.  The Government also contends that Morris' motion cannot be deemed timely under the "prison mailbox rule" or through equitable tolling because Morris has not made a showing sufficient to make either principle applicable to the circumstances.  The Government maintains this position in its post-hearing brief, again emphasizing Morris' failure to comply with the procedural requirements for the prison mailbox rule and failure to demonstrate that circumstances beyond his control prevented him from timely filing his § 2255 motion.  ECF No. 113, p. 2-3.

Judge Bryant concludes that Morris' motion was timely filed within the one-year period. ECF No. 115, p. 8-9.  Judge Bryant notes that Morris stated that he placed his motion in the prison mailing system on June 22, 2023, and that there was first class postage affixed to the envelope containing his motion.  Without further information on the particular mail systems of the facility holding Morris at the time, Judge Bryant determines that this information is sufficient to conclude that Morris filed his motion prior to the July 14, 2023, deadline.  Therefore, Judge Bryant recommends that the motion be considered timely and evaluated on the merits.  The Government did not object to the R&R.

The Court agrees with Judge Bryant's recommendation.  Morris appears to have mailed his § 2255 motion prior to the July 14, 2023, deadline.  Accordingly, the Court adopts this aspect of the R&R and will proceed to evaluate Judge Bryant's recommendations regarding the merits of Morris' motion.

### C. Ineffective Assistance of Counsel

Morris alleges two grounds for his § 2255 motion, both based upon allegedly ineffective assistance of counsel.  ECF No. 92, p. 4-6.  Morris asserts that Hooten was ineffective by failing

to file a timely appeal regarding the Court's denial of his Motion to Compel and by failing to file any appeal of the restitution amount of Morris' sentence. Morris alleges that letters he sent and statements he made to Hooten prior to the deadline to appeal those issues made his desires to file an appeal clear. Therefore, Morris concludes Hooten's failure to file a timely appeal for either issue demonstrates constitutionally deficient representation and that his sentence should be vacated.

In response, the Government argues that Morris never explicitly instructed Hooten to appeal those issues prior to the appeal deadline and that the circumstances did not create a duty for Hooten to consult with Morris about appealing those issues. ECF No. 98, p. 13-18. The Government contends that letters Morris sent to Hooten prior to the appeal deadline did not direct Hooten to file an appeal of the Motion to Compel or suggest that an appeal should be filed. The Government further contends that Hooten did not receive a letter directing him to appeal the Motion to Compel until August 2, 2022, which was after the deadline to either file an appeal or request more time to appeal. Regarding the restitution amount, the Government contends that it anticipates Hooten testifying that Morris stated after sentencing that he only wanted to ask the Court to reconsider the restitution amount and did not want to file an appeal for any issue. The Government reiterates these arguments in its post-hearing brief, contending that Hooten's testimony confirmed that Morris told Hooten on July 6, 2022, that he did not desire any appeal of any issue. ECF No. 113, p. 3-5. The Government asserts that Hooten cannot be found ineffective when the only explicit instructions Morris gave him to appeal were delivered after any appeal was possible.

Morris argues that his testimony and other evidence presented at the hearing indicate that he clearly wanted to appeal the two issues raised in his motion. ECF No. 112, p. 3-6. Morris

contends that his prior discussions with counsel regarding restitution and the letters sent in May and June 2022 regarding the denial of his Motion to Compel placed Hooten on notice of his desire to appeal these issues.

Judge Bryant concludes that Morris has failed to show that Hooten was ineffective. ECF No. 115, p. 11-18. Judge Bryant determines that the letters Morris sent to Hooten on June 6 and July 2, 2022, do not explicitly direct Hooten to file an appeal of any issue or make a desire for the appeals implicitly obvious. Further, even if the letters did indicate significant interest in appealing those issues, Judge Bryant emphasizes that Hooten testified regarding a later videoconference on July 6, 2022, in which Morris explicitly stated that he did not want to file an appeal of any issue. Judge Bryant also notes that the first communication from Morris to Hooten after that meeting in which Morris directed Hooten to file an appeal regarding the Motion to Compel arrived on August 2, 2022, which was beyond the time available to either appeal the denial or request more time to appeal. Noting that there is no indication in the record that Morris ever directed Hooten to file an appeal of the restitution amount after the July 6, 2022, videoconference, Judge Bryant concludes that Hooten cannot be found ineffective for following his client's directive. Therefore, Judge Bryant recommends that Morris' § 2255 motion be denied on the merits.

Morris objected, reiterating his arguments that past communications with Hooten demonstrated his desire to appeal the two issues. ECF No. 118. Morris emphasizes letters sent to Hooten disputing the appropriateness of the restitution amounts in the Final PSR and contends that they made Hooten aware of his desire to challenge those amounts.

A criminal defendant has fourteen (14) days to file a notice of appeal of a court's order. Fed. R. App. P. 4(b)(1)(A)(i). However, "[u]pon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend

the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).  Thus, if a defendant does not attempt to file a notice of appeal or a motion to extend the period to appeal within the combined 44-day period under Rule 4(b), any notice of appeal or request for extension of time to appeal is statutorily barred.  *See U.S. v. Reed*, 678 F. App'x 457, 458 (8th Cir. 2017); *see also U.S. v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006) (applying the same principle under a prior version of the statute that initially gave ten (10) days to appeal and up to thirty additional days to file an untimely appeal).

The right to counsel provided by the Sixth Amendment requires that a criminal defendant have "the *effective* assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984) (quotation omitted) (emphasis added).  For a defendant to prevail on an ineffective assistance of counsel claim, they must first show that "counsel's performance was so deficient as to fall below an objective standard of reasonable competence." *Jackson v. U.S.*, 956 F.3d 1001, 1006 (8th Cir. 2020) (quotation omitted).  "[T]here is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Id.* (quotation omitted).  Therefore, the burden of showing ineffective assistance of counsel is typically on the accused.  *U.S. v. Chronic*, 466 U.S. 648, 658 (1984).  A defendant must also show that the "counsel's deficient performance prejudiced him." *Jackson*, 956 F.3d at 1006.

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  "[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Barger v. U.S.*, 204 F.3d 1180, 1182 (8th

8

Cir. 2000). "In such a case, prejudice is presumed because the defendant has forfeited his right to an appellate proceeding as a result of his counsel's error. The court need not inquire into whether the intended appeal would be meritorious or likely to succeed." *Watson v. U.S.*, 493 F.3d 960, 963-64 (8th Cir. 2007) (internal citations omitted). "At the other end of the spectrum, a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Flores-Ortega*, 528 U.S. at 477 (emphasis in original).

The Court finds that Judge Bryant's assessment is correct. Key to this conclusion is Hooten's hearing testimony.[4] ECF No. 114, p. 59-79. Hooten testified that Morris disavowed any interest in appealing the two relevant issues during a July 6, 2022, videoconference. Hooten stated that the only request Morris made during that meeting was to seek reconsideration of the Court's restitution order. Hooten filed a motion for reconsideration of the restitution amounts roughly one week later. ECF No. 72. Such clear directives from Morris as to what he wanted regarding appeals supersedes whatever letters, discussions, or implied desires expressed prior to that meeting. Hooten further testified that after the July 6, 2022, videoconference, he received the first request to appeal the Court's denial of the Motion to Compel on August 2, 2022. Hooten filed a request for extension of time to appeal the next day. ECF No. 74. However, the Court determined that the deadline to make such a request had already elapsed. ECF No. 76. Additionally, the letters Morris sent to Hooten after the July 6, 2022, videoconference only directed Hooten to appeal the denial of the Motion to Compel and did not make any directive regarding the restitution amounts. In sum, Morris told Hooten prior to the appeal deadline that he did not want to appeal anything

---

[4] Considering all the circumstances, the Court finds that Hooten's testimony is much more credible that any testimony to the contrary offered by Morris. Moreover, none of the written communications presented by Morris contradict Hooten's testimony.

and Hooten did not receive a contrary directive until the deadline for such an appeal or to request more time to appeal had elapsed. The is the precise situation in which Morris cannot "later complain that, by following his instructions, his counsel performed deficiently." *Flores-Ortega*, 528 U.S. at 477. Accordingly, the Court finds that Morris has failed to show his counsel was ineffective in failing to appeal the two issues raised in his § 2255 motion and that the motion must be denied.

### D. Certificate of Appealability

Judge Bryant also recommends that no certificate of appealability be issued pursuant to 28 U.S.C. § 2255(c) for either issue because Morris failed to make a substantial showing that he was denied a constitutional right. The Court agrees. As determined above, Hooten followed Morris' directives in not filing a timely appeal of the two issues raised in the § 2255 motion. Therefore, Morris has not made a substantial showing that he was denied the effective assistance of counsel and no certificate of appealability will be issued with this order.

### III. CONCLUSION

Upon de novo review, the Court adopts Judge Bryant's R&R (ECF No. 115) in toto. Accordingly, Defendant Randall Morris' Motion to Vacate Pursuant to 28 U.S.C. § 2255 (ECF No. 92) is hereby **DENIED**. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253 for any basis of Morris' motion to vacate.

**IT IS SO ORDERED**, this 17th day of April, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge